UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ASHLEY M. BARBER,

    Plaintiff,

v.

Case No. 5:23-cv-00167

I.Q. DATA INTERNATIONAL, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff ASHLEY M. BARBER ("Plaintiff"), by and through the undersigned, complains as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and under the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue § 559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Northern District of Florida.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age and, at all times relevant, resided in Marianna, Florida, within the Northern District of Florida.

6. Defendant is a third-party debt collector "serving the collection needs of businesses"[1] and collecting, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, from consumers across the country, including those in the state of Florida. IQ is a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021.

---

[1] https://www.iqdata-inc.com/about-us

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a purported residential lease debt ("subject consumer debt") from Pebble Hill Estates ("Apartment") in the approximate amount of $6,000.00, used for personal, family, and household purposes.

9. Due to financial hardships outside of her control, including suffering from medical issues, losing her job, and being a single mother, Plaintiff was ultimately evicted from the Apartment.

10. Upon information and belief, after the subject consumer debt was purportedly in default, the subject consumer debt was placed with Defendant, for collection purposes.

11. In or about May of 2023, Plaintiff began receiving calls to her cellular phone number (850) XXX-1834 from Defendant, seeking collection of the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -1834. Plaintiff is, and always has been, financially responsible for the phone and its services.

13. Defendant has primarily used the phone number (850) 462-3822 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

14. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

15. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

16. On such a call, Defendant's representative disrespected and abused Plaintiff by deceivingly trying to collect more from Plaintiff than what she owed, by hanging up on her, by dismissing and ignoring her, by refusing to discuss the amount of the subject consumer debt with her, by refusing to take down her current residential address for a requested debt validation, and by yelling at her. A representative of Defendant also told Plaintiff that she did not care what Plaintiff had to say and that Plaintiff was going to pay the subject consumer debt regardless.

17. Defendant's collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that she wanted the debt validated.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, resources, and expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress and the physical manifestations thereof, and numerous violations of Plaintiff's state and federally-protected interests to be free from harassing and abusive debt collection conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

25. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d & 12 C.F.R. § 1006.14**

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt or that they do not owe the debt.

29. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of

communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Further, pursuant to 15 U.S.C. § 1692d(2), a debt collector cannot use "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

31. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that she did not owe the debt and wanted verification of the same. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

32. Further, Defendant violated §§ 1692d & 1692d(2) by disrespecting and abusing Plaintiff by deceivingly trying to collect more from Plaintiff than what she owed, by hanging up on her, by dismissing and ignoring her, by refusing to discuss

the amount of the subject consumer debt with her, by refusing to take down her current residential address for the requested debt validation, by yelling at her, and by telling Plaintiff that it did not care what Plaintiff had to say and that Plaintiff was going to pay the subject consumer debt regardless.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having made Defendant aware such communications were unwanted. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

35. Further, Defendant violated §§ 1692e and 1692e(10) by disrespecting and abusing Plaintiff by deceivingly trying to collect more from Plaintiff than what she owed, by hanging up on her, by dismissing and ignoring her, by refusing to discuss the amount of the subject consumer debt with her, by refusing to take down her current residential address for the requested debt validation, by yelling at her, and by telling Plaintiff that it did not care what Plaintiff had to say and that Plaintiff was going to pay the subject consumer debt regardless.

36. Moreover, Defendant further violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which she does not owe. Defendant was made aware that Plaintiff did not owe the amount Defendant was trying to collect, yet Defendant persisted in its efforts to collect the subject consumer debt from Plaintiff all the same. Defendant's efforts in the face of the information provided by Plaintiff illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiff's payment on a debt which, in part, she did not owe.

    c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

37. Further, Defendant violated § 1692f by disrespecting and abusing Plaintiff by deceivingly trying to collect more from Plaintiff than what she owed, by hanging up on her, by dismissing and ignoring her, by refusing to discuss the amount of the subject consumer debt with her, by refusing to take down her current residential address for the requested debt validation, by yelling at her, and by telling Plaintiff that it did not care what Plaintiff had to say and that Plaintiff was going to pay the subject consumer debt regardless.

WHEREFORE, Plaintiff, ASHLEY M. BARBER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

39. At all times relevant to this Complaint, Plaintiff, was and is a natural person and is a "consumer" as defined by Florida Statute § 559.55(8).

40. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

41. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

42. At all times material hereto, the subject consumer debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

43. A person violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

44. Defendant violated § 559.72(7) of the FCCPA by disrespecting and abusing Plaintiff by deceivingly trying to collect more from Plaintiff than what she owed, by hanging up on her, by dismissing and ignoring her, by refusing to discuss the amount of the subject consumer debt with her, by refusing to take down her current residential address for the requested debt validation, by yelling at her, and by telling Plaintiff that it did not care what Plaintiff had to say and that Plaintiff was going to pay the subject consumer debt regardless.

45. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to induce her into making a payment, despite the nature of the conversations between the parties.

46. This repeated behavior of systematically calling Plaintiff's phone, despite her demands, to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment.

WHEREFORE, Plaintiff, ASHLEY M. BARBER, requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiff equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 19, 2023

Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Fax: (630) 575-8188
ataylor@sulaimanlaw.com