**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ASHLEY M. BARBER,**

   *Plaintiff*,

**v.**                                                    **Case No.:  5:23cv167-MW/MJF**

**IQ DATA INTERNATIONAL, INC.,**

   *Defendant.*
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO COMPEL AND MOTION
FOR SANCTIONS**

This Court has considered, without hearing, Defendant's motion to compel production of documents and motion for sanctions pursuant to Federal Rule of Civil Procedure 37(a), ECF No. 37, and Plaintiff's response, ECF No. 41. Inasmuch as Plaintiff has already furnished to Defendant the documents at issue, Defendant's motion to compel is **DENIED as moot**.

Defendant also "requests sanctions against Plaintiff for playing these unnecessary games with discovery." ECF No. 37 ¶ 10. Where, as here, "the disclosure or requested discovery" that forms the subject of the motion to compel "is provided after the motion was filed[,] the Court must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This Court "must not" award such sanctions, however, where "the opposing party's nondisclosure . . . was substantially justified" or "other circumstances make an award of expenses unjust." *Id.*

Here, the exhibits the parties have filed in support of their respective positions, taken as a whole, indicate an honest mistake by Plaintiff rather than gamesmanship by either her or Plaintiff's counsel. Nonetheless, these exhibits also indicate that Plaintiff would not have provided the medical records had Defendant not moved to compel them. It is no answer that Plaintiff agreed to produce a signed HIPAA waiver and permit Defendant to subpoena the records it sought—an option that would also have caused Defendant to incur expenses. Although this case presents a close call, this Court finds that Plaintiff's nondisclosure was not substantially justified and that it would not be unjust for Plaintiff to pay Defendant's reasonable expenses incurred. Thus, this Court "must" award sanctions. *Id.* Defendant's motion for sanctions is **GRANTED**. This Court will determine the amount to be awarded at the conclusion of this case.

Accordingly,

**IT IS ORDERED:**

Defendant's motion to compel and motion for sanctions, ECF No. 37, is

**GRANTED in part** and **DENIED in part**.

**SO ORDERED on April 25, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
